**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

UNITED STATES,

v.

13-cr-145 (WWE)

TORRES

**ORDER**

Upon consideration of defendant Torres's entitlement to a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), the Court finds that no reduction is warranted in his case.

On January 21, 2014, defendant was sentenced to 130 months' imprisonment upon his guilty plea for Possession with Intent to Distribute Heroin and illegal Reentry by a Removed Alien.   At the time of sentencing, the Court determined that defendant was a career offender as defined by U.S.S.G. § 4B1.1, and that under the sentencing guidelines, with a three level reduction for acceptance of responsibility, as a career offender, defendant's offense level was 34.   When combined with defendant's criminal history category of VI, defendant's offense level resulted in a guideline sentencing range of 262 to 327 months.

However, the Court declined to sentence defendant within the recommended career offender guideline in light of the fact that defendant's career criminal status was based upon one prior controlled substance conviction and two prior "crimes of violence." The Court, after consideration of the anticipated two-level reduction in drug offense level that would be provided by Amendment 782 and the harsh circumstances of defendant's

childhood, imposed a sentence of 130 months, which is below the guideline range in light of defendant's career criminal status.

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may only be reduced if defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."   U.S.S.G. Section 1B1.10(a)(2)B) provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if ... an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range."   As explained in Application Note A to Section 1B1.10, the applicable guideline range "corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance."

Here, the adjustments to the drug offense levels authorized under Amendment 782 do not alter the offense levels for a career offender.   See United States v. Mock, 612 F.3d 133, 138 (2d Cir. 2010) (defendant's sentence as a career offender was not affected by retroactive amendments to sentencing guidelines). The fact that the Court sentenced defendant outside of the range provided by his career offender status does not permit the Court to lower the career offender guideline range for purposes of reducing the sentence pursuant to Section 3582.   See United States v. Steele, 714 F.3d 751, 755 n.2 (2d Cir. 2013) (applicable guideline range is pre-departure range).

Accordingly, defendant's motion for retroactive application of sentencing guidelines is DENIED.

Dated this 7[h] day of February 2018 at Bridgeport, Connecticut.

<u>/s/Warren W. Eginton</u>
Warren W. Eginton
Senior United States District Judge